**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| THOMAS KENYON, | No. 12-35685 |
| Plaintiff - Appellant, | D.C. No. 1:10-cv-01528-RE |
| v. | |
| COMMISSIONER OF SOCIAL SECURITY ADMINISTRATION, | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the District of Oregon
James A. Redden, Senior District Judge, Presiding

Submitted November 7, 2013[**]
Portland, Oregon

Before: M. SMITH and HURWITZ, Circuit Judges, and PRO, Senior District
Judge.[***]

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]    The Honorable Philip M. Pro, Senior District Judge for the U.S. District
Court for the District of Nevada, sitting by designation.

Thomas Kenyon appeals a district court judgment upholding the Commissioner's denial of an application for Social Security disability insurance benefits. We have jurisdiction under 28 U.S.C. § 1291 and affirm.

1. Any error by the administrative law judge (ALJ) in not including the simple one-two step instructions limitation in the hypothetical question to the vocational expert was harmless. The vocational expert and ALJ identified an occupation that Kenyon can perform—bindery-machine feeder—that exists in significant numbers nationally or regionally. *See Tommasetti v. Astrue*, 533 F.3d 1035, 1043–44 (9th Cir. 2008); *Barker v. Sec'y of Health & Human Servs.,* 882 F.2d 1474, 1479 (9th Cir. 1989).

2. The ALJ did not improperly reject the opinions of Kenyon's treating physicians. The ALJ expressly noted that Kenyon's physicians issued conflicting medical reports and reconciled those inconsistencies. *See Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989).

3. The ALJ considered Kenyon's headaches when assessing residual functional capacity and properly discounted Kenyon's statements about the limiting effect of his migraines. *See Lingenfelter v. Astrue*, 504 F.3d 1028, 1036 (9th Cir. 2007); *Hoopai v. Astrue*, 499 F.3d 1071, 1076 (9th Cir. 2007).

**AFFIRMED**.